IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GUILHERME AMORIM, on his own behalf and on behalf of others similarly situated,

    Plaintiff(s),

v.

GMR INTERNATIONAL CUISINE, INC. d/b/a GILSON'S BRAZILIAN RESTAURANT, and GILSON RODRIGUES, individually,

    Defendants.

Case No.: 6:17-CV-578-ORL-37-TBS

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, GUILHERME AMORIM, on his own behalf and on behalf of others similarly situated, by and through their undersigned counsel, and hereby files this Complaint against the Defendants, GMR INTERNATIONAL CUISINE, INC. d/b/a GILSON'S BRAZILIAN RESTAURANT, and GILSON RODRIGUES, individually, (hereinafter "Defendants"), and allege as follows

### INTRODUCTION

1. This is an action by the Plaintiff against his former employer for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks overtime damages, reasonable attorney's fees, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

3. This action is intended to include each and every "hourly paid employee" who worked for the Defendants at any time within the past three (3) years.

## JURISDICTION

4. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

5. The venue of this Court over this controversy is proper based upon the claim arising in Orange County, Florida.

## PARTIES

6. Plaintiff was an hourly paid employees and performed related activities for Defendants in Orange County, Florida.

7. Defendant, GMR INTERNATIONAL CUISINE, INC. d/b/a GILSON'S BRAZILIAN RESTAURANT, is a Brazilian restaurant.

8. Defendant, GILSON RODRIGUES, is the President, Registered Agent, General Manager, and Owner of the company.

## FACTUAL ALLEGATIONS

9. Plaintiff, and those similarly situated employees, worked as "hourly paid employees" for Defendants and performed related activities.

10. Plaintiff worked in this capacity from approximately December 2013 through August 2016.

11. Plaintiff and those similarly situated were hourly paid employees.

12. During the relevant time period (December 2014 and continuing), Plaintiff was paid by the "tip credit" (less than minimum wage plus tips).

13. Plaintiff, and other similarly situated employees, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

14. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff, and other similarly situated employees, overtime compensation at a rate of no less than time and one-half their regular rate of pay for *all* hours worked over forty (40) in a workweek.

15. Plaintiff and those similarly situated were eligible for overtime provided they worked more than forty (40) hours per week.

16. Defendants' failure and/or refusal to properly compensate Plaintiff and others similarly situated at the rates and amounts required by the FLSA were willful.

## COVERAGE

17. At all material times relevant to this action (2014– 2017), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

18. At all material times relevant to this action (2014– 2017), Defendants made gross earnings of at least $500,000 annually.

19. At all material times relevant to this action (2014– 2017), Defendants accepted payments from customers based on credit cards issued by out-of-state banks.

20. At all material times relevant to this action (2014– 2017), Defendants routinely ordered materials or supplies from out of state, (i.e., restaurant supplies and equipment, food, beverages, etc.).

3

21. At all material times relevant to this action (2014– 2017), Defendants had two (2) or more employees engaged in commerce, handling or otherwise working on materials which have been moved in or produced for commerce, (i.e., restaurant supplies and equipment, food, beverages, etc.).

22. At all material times relevant to this action (2014 – 2017), Plaintiff was individually engaged in commerce during his employment with Defendants, by working with food supplies and equipment from out-of-state.

23. At all material times relevant to this action (2014 – 2017), Defendants used U.S. Mail to send and receive correspondence to and from other states.

24. At all times relevant to this action (2014 – 2017), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff and others similarly situated performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff and others similarly situated for those hours worked in excess of forty (40) within a work week.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff and the class members performed the same or similar job duties as one another in that they provided restaurant related services for Defendants.

26. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were not compensated at time-and-one-half their regular rate of pay for all hours worked in excess of 40 hours in a work week.

27. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

28. Defendants' failure to compensate employees for hours worked in excess of forty (40) hours in a work week as required by the FLSA results from a policy or practice of failure to assure that hourly employees were paid for all overtime hours worked based on the Defendants' failure to credit hourly employees with all hours worked.

29. This policy or practice was applicable to Plaintiff and the class members.

30. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather the same policies or practices which resulted in the non-payment of overtime to Plaintiff apply to all class members.

31. Accordingly, the class members are properly defined as:

**All servers who worked for Defendants, GMR INTERNATIONAL CUISINE, INC. d/b/a GILSON'S BRAZILIAN RESTAURANT, and GILSON RODRIGUES, within the state of Florida within the last three years.**

32. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

33. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, *et seq.*; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

34. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time and one-half for all hours worked in excess of forty (40) hours in a work week.

35. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION AGAINST
## GMR INTERNATIONAL CUISINE, INC. d/b/a
## <u>GILSON'S BRAZILIAN RESTAURANT</u>

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 35 above as if fully set forth herein.

37. Plaintiff and those similarly situated to him worked for Defendant at various times from 2014 – 2017 as hourly employees for Defendant's businesses located at 8191 Vineland Avenue, Orlando, Florida 32821.

38. Throughout Plaintiff's employment, the Defendant repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff, and other similarly situated employees, at a rate not less than one and one-half the regular rate at which they were employed for work weeks longer than forty (40) hours.

39. Specifically, Plaintiff and those similarly situated employees worked multiple weeks in excess of forty (40) hours a week, yet were not compensated for all

work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

40. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and others similarly situated to him, are in the possession and custody of Defendants.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST GILSON RODRIGUES, INDIVIDUALLY

42. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 35 above as if fully set forth herein.

43. Defendant, GILSON RODRIGUES, is the owner, General Manager and Registered Agent of Defendant, GMR INTERNATIONAL CUISINE, INC. d/b/a GILSON'S BRAZILIAN RESTAURANT.

44. Defendant, GILSON RODRIGUES, is the acting manager who acted with direct control over the work, pay, and job duties of Plaintiff and all other similarly situated individuals.

45. Defendant, GILSON RODRIGUES, had the power to hire and fire Plaintiff and all other similarly situated individuals.

46. Defendant, GILSON RODRIGUES, supervised and controlled Plaintiff's, as well as that of all other similarly situated individuals, work schedule or conditions of employment.

47. Defendant, GILSON RODRIGUES, determined Plaintiff's rate and method of payment.

48. Defendant, GILSON RODRIGUES, maintained employment records.

49. As such, Defendant, GILSON RODRIGUES, is charged with responsibility for violations of Plaintiff's rights and the rights of and all other similarly situated individuals to overtime and resulting damages.

**WHEREFORE**, Plaintiff, on behalf of himself and all other similarly situated employees, demands judgment against Defendant, GMR INTERNATIONAL CUISINE, INC. d/b/a GILSON'S BRAZILIAN RESTAURANT, and GILSON RODRIGUES, individually, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 31st day of March, 2017.

Respectfully submitted,

_____
Carlos V. Leach, Esq.
F. B. No.: 540021
**MORGAN & MORGAN, P.A.**
20 N. Orange Ave., 16th Floor
Post Office Box 4979
Orlando, Florida 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 425-8171
Email: Cleach@forthepeople.com
Attorneys for Plaintiff(s)