UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GUILHERME AMORIM,

    Plaintiff,

v.                                          Case No: 6:17-cv-578-Orl-37TBS

GMR INTERNATIONAL CUISINE, INC.
and GILSON RODRIGUES,

    Defendants.

## REPORT AND RECOMMENDATION

This case comes before me on referral from the district judge on Plaintiff's Motion for Entry of Final Default Judgment (Doc. 15). After due consideration I respectfully recommend that the motion be **granted**.

## I. Background

Plaintiff Guilherme Amorim filed this lawsuit on behalf of himself and other similarly situated individuals, against his former employer, Defendant GMR International Cuisine, Inc. ("GMR") and its president, general manager and owner, Gilson Rodrigues ("Rodrigues"), for unpaid overtime wages, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Doc. 1).[1] Plaintiff alleges that he worked for Defendants as an hourly paid employee from December 2013 to August 2016 (Id., ¶¶ 9-10). For at least half of this time, Plaintiff worked as a server and was paid by the "tip credit," which is shorthand for "less than minimum wage plus tips" (Id., ¶ 12). Plaintiff

---

[1] Plaintiff filed the action on behalf of himself and all other "hourly paid employees" employed by Defendants within the last three years (Doc. 1 ¶ 3). To date, no other individuals have joined the lawsuit. Therefore, a judgment against Defendants in this case will not bar claims by other similarly situated individuals against Defendants.

alleges that he "routinely worked in excess of forty (40) hours per week as part of [his] regular job duties," yet Defendants failed to pay him a legal wage for all overtime hours worked (Id., ¶¶ 13-14).

A process server served this action on GMR by serving Rodrigues as registered agent on April 3, 2017 (Doc. 11). The same process server simultaneously served Rodrigues individually (Doc. 12). According to the Affidavit of Service on Rodrigues: "Based on inquiry by the affiant, the defendant is not an active duty member of the U.S. Armed Forces." (Id.).

Defendants have not appeared and on May 24, 2017, the Clerk entered defaults against them pursuant to Fed. R. Civ. P. 55(a) (Docs. 13-14). Plaintiff now seeks entry of a default judgment against both Defendants (Doc. 10). Defendants have not responded to the motion which is now ripe for disposition.

## II. Discussion

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, a defendant's default alone does not require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). Before judgment may be entered pursuant to Fed. R. Civ. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought. Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short ... a default is not treated as an absolute confession of the defendant of his liability and of the

plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. See Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985). "Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts." See id. at 1544.

A. Appropriateness of the Clerk's Entry of Default

1. Rodrigues

Federal Rule of Civil Procedure 4(e) provides for service of process on an individual by giving a copy of the summons and complaint to the individual personally. According to Plaintiff's return of service, the process server effected service on Rodrigues at his home, located at 8191 Vineland Road, Orlando, FL 32821[3] (Doc. 12). Thus, service on Rodrigues was proper. Upon being served with the summons and complaint, Rodrigues was required to respond on or before May 5, 2017. See FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]"). Rodrigues has failed to respond and thus, the Clerk's default was properly entered against him.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[3] 8191 Vineland Road does not exist. Instead, the correct address is: 8191 Vineland **Avenue**. See https://www.mapquest.com/search/results?query=8191%20Vineland%20Road,%20Orlando,%20FL%2032821&boundingBox=28.401744325797512,-81.50761127471924,28.34223394648859,-81.48203372955322&page=0 . The Court regards this as a scrivener's error and not a discrepancy because there is only one 8191 Vineland-related mailing address within zip code 32821.

2. GMR

A plaintiff may serve a corporate defendant by,

> [D]elivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]

FED. R. CIV. P. 4(h)(1)(B). A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). Florida Statutes permit process to be served on a corporation by serving, *inter alia*, the president, general manager, or an agent designated by the corporation under FLA. STAT. 48.091.[4] See FLA. STAT. § 48.081. The return of service shows that Rodrigues was served on behalf of GMR as its registered agent (Doc. 11). The official address listed for registered agent Rodrigues is: 8191 Vineland Avenue, Orlando, FL 32821.[5] Pursuant to

---

[4] FLA. STAT. § 48.091 provides:

> (1) Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.
>
> (2) Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Under the statute, if plaintiff is unable to serve the registered agent because of the failure to comply with FLA. STAT. § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." FLA. STAT. § 48.081(3)(a).

[5] http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=GMRINTERNATIONALCUISINE%20P120000017660&aggregateId=domp-p12000001766-dc0d51fe-6db5-45d4-8e14-eec810ba1457&searchTerm=GMR%20International%20Cuisine%2C%20Inc&listNameOrder=GMRINTER

Rule 4(h) and Fla. Stat. §§ 48.081, 48.091, service on GMR was proper. Upon being served with the summons and complaint, GMR was required to respond on or before May 5, 2017. See Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]"). GMR has failed to respond and the time within to do so has passed. Thus, Clerk's default was properly entered against GMR.

  B. FLSA Claim

  1. Enterprise Coverage

To establish a *prima facie* case of liability for unpaid overtime compensation under the FLSA, Plaintiff must demonstrate that Defendants (1) employed him, (2) are subject to the provisions of the statute, and (3) failed to pay him as required by law. Plaintiff can show that Defendant is subject to the provisions of the FLSA by demonstrating that either, (1) he, as an individual employee, engaged in commerce or in the production of goods for commerce, or (2) his employer was an enterprise engaged in the same. De Lotta v. Dezenzo's Italian Restaurant, Inc., No. 6:08-cv-2033-ORl-22KRS, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) (citing 29 U.S.C. § 207(a)(1)); Fraction v. Prot. Consultants, Inc., No. 6:09-cv-902-Orl-28GJK, 2010 WL 916661, at *3 (M.D. Fla. Mar. 10, 2010).

An employer is considered an "enterprise engaged in commerce" if it has two or more employees who are engaged in commerce and it has gross sales or business of at least $500,000 per year, exclusive of excise taxes at the retail level. See 29 U.S.C. §203(s)(1)(A). The statute is meant to encompass restaurants as well as other retail and

---

NATIONALCUISINE%20P120000017660

service establishments that satisfy the number of employees and revenue requirements. Diaz v. Jaguar Rest. Grp., LLC, 649 F. Supp. 2d 1343, 1349 (S.D. Fla. 2009)

"Under the FLSA, an employer [also] includes 'any person acting directly or indirectly in the interest of an employer in relation to an employee [including managing compensation of employees] ....'" De Lotta, 2009 WL 4349806, at *6 (quoting 29 U.S.C. § 203(d)). So, "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Id. (quoting Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir.1986)).

Plaintiff makes the following averments in his complaint:

> 17. At all material times relevant to this action (2014--2017), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).
>
> 18. At all material times relevant to this action (2014--2017), Defendants made gross earnings of at least $500,000 annually.
>
> 19. At all material times relevant to this action (2014--2017), Defendants accepted payments from customers based on credit cards issued by out-of-state banks.
>
> 20. At all material times relevant to this action (2014--2017), Defendants routinely ordered materials or supplies from out of state, (i.e., restaurant supplies and equipment, food, beverages, etc.).
>
> 21. At all material times relevant to this action (2014-2017), Defendants had two (2) or more employees engaged in commerce, handling or otherwise working on materials which have been moved in or produced for commerce, (i.e., restaurant supplies and equipment, food, beverages, etc.).
>
> 22. At all material times relevant to this action (2014 - 2017), Plaintiff was individually engaged in commerce during his employment with Defendants, by working with food supplies and equipment from out-of-state.

> 23. At all material times relevant to this action (2014 - 2017), Defendants used U.S. Mail to send and receive correspondence to and from other states.
>
> 24. At all times relevant to this action (2014 - 2017), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff and others similarly situated performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff and others similarly situated for those hours worked in excess of forty (40) within a work week.

(Doc. 1, ¶¶ 17-24). These averments are deemed admitted by virtue of Defendants' default. See Herrera v. Tri-State Kitchen and Bath, Inc., No. 14-CV-1695 (ARR)(MDG), 2015 WL 1529653, at *3 (E.D.N.Y. 2015) ("[P]laintiffs' allegation that "upon information and belief that defendants' gross revenues exceed $500,000" is sufficient to satisfy the $500,000 statutory threshold.") (citing Jones v. East Brooklyn Serv. Corp., et. al., No. 11-CV-1021(JG)(SMG), 2012 WL 3235784, at *4 (E.D.N.Y 2012) (concluding that the plaintiff's allegation that defendant met the $500,000 threshold sufficiently stated a claim for enterprise coverage in default judgment motion)).

Plaintiff has also submitted his own affidavit, in which he states that GMR "is a very profitable company ... [which] grossed an average of $500,000 per year. Weekly sales easily exceeded $10,000 per week." (Doc. 15-1 at 4, Plaintiff's Aff. ¶ 11-12). Plaintiff also attests that he and other employees routinely "handle(d) goods that have been moved in or produced for interstate commerce (i.e., restaurant supplies and equipment, food, beverages, etc.)" (Id.).

The averments in Plaintiff's complaint and his affidavit testimony are sufficient to substantiate Plaintiff's claim that both Defendants were his employers, and that while he worked at GMR, it was an enterprise engaged in commerce.

### 2. Sufficiency of FLSA Allegations

Damages may be awarded only if the record adequately reflects the basis for the award through evidence such as a detailed affidavit. Under the FLSA, an offending employer "shall be liable to the employee or employees affected in the amount of their … unpaid overtime compensation ... and in additional equal amount as liquidated damages." 29 U.S.C. § 216(b). If "the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate plaintiff's prima facie case, 'the court may award approximate damages based on the employee's evidence.'" Donald v. Park & Fly, LLC, No. 3:10-cv-41-J-34MCR, 2011 U.S. Dist. LEXIS 139433, at *9 (M.D. Fla. Nov. 7, 2011). The employee may rely on an affidavit to prove damages. Childress v. Bubba's World, LLC, No. 6:09-cv-1955-Orl-28GJK, 2011 U.S. Dist. LEXIS 136994, at *5 (M.D. Fla. Nov. 4, 2011) ("A plaintiff may quantify damages by affidavit or other admissible evidence."). The Court will also consider a plaintiff's answers to the Court's interrogatories to establish reasonable damages. See Bonilla v. Shiner's Car Wash, Case No. 6:12-cv-1649, 2014 U.S. Dist. LEXIS 66297, at *2 (M.D. Fla. April 23, 2014). Ultimately, "[P]laintiff's proof must supply the Court with a just and reasonable inference upon which to calculate [damages]." Roberts v. Lee A. Stephens Sec., Inc., No. 3:05-cv-1196-J-32MCR, 2007 WL 2579599, at *1 (M.D. Fla. May 10, 2007).

Plaintiff claims he is owed a total of $6,980.86 in damages, which consists of $3,490.43 in overtime wages and an equal amount in liquidated damages (Doc. 15 at 9). He arrives at this amount through the following calculation:

> **Dates of Employment: December 2013 through August 2016**
> **Relevant Time Period: December 2014 through August 2016**
> **Server Regular Rate of Pay: $5.03 per hour**

> Server Regular Hours: 40 hours per week
>
> Server OT Hours: Varied – overtime calculations are based on Plaintiff's weekly time slips, attached hereto as Exhibits "B" and "C".
>
> OT Damages: $7.93 per hour * 1.5 * OT hours per week in 2014
>
> OT Damages: $8.05 per hour * 1.5 * OT hours per week in 2015
>
> OT Damages: $8.05 per hour * 1.5 * OT hours per week in 2016
>
> = $3,490.43 Actual Damages ($6,980.86 including Liquidated Damages).

(Id. at 8-9) (emphasis in original).

Plaintiff's affidavit also evidences the amount of his unpaid wages and a spreadsheet that purports to record his weekly timesheets from December 1, 2014 through June 18, 2016 (Doc. 15-1; Doc. 15-2; Doc. 15-3; Doc. 15-4). Plaintiff has not explained why he has not furnished records from June 19, 2016 – August 2016, however, his affidavit alone is sufficient to establish his actual and liquidated damages. See Childress, 2011 U.S. Dist. LEXIS 136994, at *5 ("A plaintiff may quantify damages by affidavit or other admissible evidence."). Upon due consideration, I respectfully recommend that the district court award Plaintiff $3,490.43 in actual damages and an additional $3,490.43 as liquidated damages.

The process server's statement in the affidavit of service that Rodrigues is not an active duty member of the armed services is sufficient to satisfy the Servicemembers Civil Relief Act ("SCRA"). See 50 U.S.C. § 3932; Destefano v. Dohi, Inc., Case No. 6:16-cv-752-Orl-37TBS, 2016 WL 7971298, at *4 (M.D. Fla. Aug. 1, 2016) (the affidavit of the process server was sufficient to satisfy the SCRA's affidavit requirement) (citing Branch

Banking and Trust Co. v. Chalifoux Bus. Park, LLC, Case No. 6:15-cv-2005-Orl-31TBS, 2016 WL 1238746, at *2 (M.D. Fla. Mar. 10, 2016)).

    C. Attorney's Fees

Plaintiff has not asked the Court to award attorney's fees.

    D. Taxation of Costs

Pursuant to 28 U.S.C. § 1920(1), I respectfully recommend the district judge award Plaintiff $400 as reimbursement for the filing fee paid in this case and $80 for the service of process charges. See (Doc. 15 at 9; Doc. 15-4).

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the district judge:

    (1) **GRANT** Plaintiff's Motion for Entry of Final Default Judgment (Doc. 15);

    (2) Enter judgment for Plaintiff, and against GMR and Rodrigues, jointly and severally, for:

        (a) $3,490.43 in actual damages;

        (b) $3,490.43 in statutory liquidated damages; and

        (c) $480 in costs, making a total of $7,460.86, which accrues interest at the statutory rate; and

    (3) Direct the Clerk to close the file.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 9, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties